# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JIMMY KYLE HOOKS,**<br><br>  Plaintiff,<br><br>v.<br><br>**BERRIEN COUNTY, GEORGIA and ANTHONY HEATH, in his Individual Capacity,**<br><br>  Defendants. | Civil Action No. 7:16-CV-181 (HL) |

## ORDER

Before the Court is Defendant Berrien County's Motion to Dismiss (Doc. 6) and Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (Doc. 13). For the reasons discussed herein, Plaintiff's Motion for Leave to Amend is denied, and Defendant Berrien County's Motion to Dismiss is granted.

## I.    BACKGROUND

Plaintiff filed a Complaint against Defendants Berrien County and Anthony Heath on September 29, 2016. (Doc. 1). Plaintiff seeks damages against both Defendants pursuant to 42 U.S.C. § 1983 for injuries resulting from Defendant Heath's allegedly unconstitutional conduct, as well as an award of attorneys' fees pursuant to 42 U.S.C. § 1988. (Doc. 1, ¶¶ 9–27). Plaintiff makes the following allegations in support of his § 1983 claim:

> 7.    On or about October 1, 2014, Defendant Anthony Heath, while acting under color of law as the Sherriff [*sic*] of Berrien County,

> willfully deprived Plaintiff of the right to be free from unreasonable searches and seizures and the right to not be subjected [to the] unreasonable use of force.
>
> 8. Defendant Anthony Heath kicked, punched and forcefully kneed Plaintiff countless times while Plaintiff was subdued, handcuffed face down on the ground, and not resisting arrest.
>
> 9. Plaintiff sustained substantial and permanent injuries as a result of Defendant Anthony Heath's conduct.

(Doc. 1, ¶¶ 7–9).[1]  Although the allegations pertain solely to the conduct of Defendant Heath, Plaintiff asserts that Defendant Berrien County is liable because, "[a]t all times relevant to this action, Defendant Anthony Heath was employed by Berrien County, Georgia as the Sheriff and . . . was acting within the scope of his employment and pursuant to the customs, policies and procedures of the Berrien County Sheriff's Department."  (Doc. 1, ¶ 4).

Defendant Berrien County filed a Motion to Dismiss on November 23, 2016, arguing that a county cannot be held liable for the acts of a sheriff or his or her employees.  (Doc. 6-1, p. 3).  Further, Defendant Berrien County asserts that the County is entitled to sovereign immunity for the claims against it under Georgia law.  (Doc. 6-1, pp. 8–9).  Plaintiff filed a Response to Defendant Berrien County's Motion and Motion for Leave to Amend Plaintiff's Complaint.  (Doc. 13).  Plaintiff seeks to amend his Complaint to remedy the shortcomings highlighted in Defendant's Motion to Dismiss concerning Plaintiff's § 1983 claim against Berrien County.

---

[1] The "Factual Allegations" portion of Plaintiff's Complaint consists solely of these three paragraphs.

## II. MOTION FOR LEAVE TO AMEND (Doc. 13)

### A. Standard

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course within certain time constraints. Fed. R. Civ. P. 15(a). Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written consent of the opposing party. Id. Generally, when leave to amend is sought, "it shall be freely given when justice so requires." Id. However, "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008). Factors such as undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1952).

When filing a motion to amend, it is the preferred practice of this Court that the proposed amended complaint be attached to the motion. Mizzaro, 544 F.3d at 1255. However, such failure is not, in itself, a valid basis to deny the motion to amend. Id. A motion to amend "is sufficient if that motion itself 'sets forth the substance of the proposed amendment.'" Id. (quoting Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)).

3

## B. Discussion

Plaintiff requests the Court's permission to amend his complaint to add allegations in support of his § 1983 claim against Defendant Berrien County. Plaintiff has not attached a proposed amended complaint to his motion. Rather, he proposes the following amendments in the body of his motion:

> [1.] It is entirely possible that Defendant Berrien County had an official policy that condoned or promoted the use of excessive force by its officers . . . .
>
> [2.] [I]t is within the realm of possibility that Defendant Berrien County had a custom or practice permitting constitutional violations . . . .
>
> [3.] Defendant Berrien County may have failed to properly train Defendant Heath, and this failure may give rise to liability of Defendant Berrien County.

(Doc. 13, pp. 6–7).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 694 (1978). Instead, it is when the municipality *itself* causes the constitutional violation at issue that the government as an entity is responsible under § 1983. Id. "*Respondeat superior* or vicarious liability will not attach under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 386 (1989) (citing Monell, 436 U.S. at 694–95). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." Springfield v. Kibbe, 480 U.S. 257, 267 (1987) (O'CONNOR, J., dissenting) (quoting Monell, 436 U.S. at 694).

4

In his motion to amend, Plaintiff has done nothing more than suggest that certain legal conclusions *possibly* exist in this case. Plaintiff explains that it is "entirely possible" that Defendant Berrien County had an official policy, custom, or practice that "condoned or promoted the use of excessive force by its officers." (Doc. 13, p. 6). However, Plaintiff has not identified any such policy, custom, or practice or alleged any facts to suggest that such a policy, custom, or practice exists. The allegations in Plaintiff's motion to amend wholly fail to establish a plausible § 1983 claim against Defendant Berrien County.

Although Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Id. (citations and footnote omitted). Here, the allegations surrounding Plaintiff's proposed § 1983 claim against Defendant Berrien County fail to raise the claim above the speculative level. Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and his Motion to Amend (Doc. 13) must be denied as futile.

### III. MOTION TO DISMISS (Doc. 6)

#### A. Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

5

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Acado Brands, Inc., 187 F.3d 1271, 1273, n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). The court may not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

B. Discussion

Defendant Berrien County has moved to dismiss Plaintiff's claims against it, arguing that a county cannot be held liable for the acts of a sheriff or his employees. Berrien County further notes that, when sued in circumstances such as those here, a county is generally entitled to dismissal on grounds of sovereign immunity. The Court need not address the County's sovereign immunity argument because Plaintiff's Complaint fails to state a claim upon which relief may be granted against the County.

In his Complaint, Plaintiff alleges that, at all times relevant to this action, Defendant Anthony Heath was employed by Defendant Berrien County as the Sheriff and "was acting within the scope of his employment and pursuant to the customs, policies and procedures of the Berrien County Sheriff's Department." (Doc. 1, ¶¶ 4, 7, 11). There are no additional allegations concerning Defendant Berrien County in the Complaint.

As previously discussed, a plaintiff seeking to hold a municipality liable under § 1983 cannot rely upon the theory of *respondeat superior* liability, but must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). "This threshold identification of a custom or policy 'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'" Id. at 1290 (quoting Bd. of Cty. Com'rs v. Brown, 520 U.S.

397, 403–04 (1997); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue.") (emphasis in original).

Thus, to hold Berrien County liable, Plaintiff must show that the County itself, acting through an agent with final authority, was responsible for an official policy or custom of "depriving liberty and property . . . without probable cause," and that the policy or custom was the driving force behind the violation of Plaintiff's constitutional rights. See, e.g., McDowell, 392 F.3d at 1289; Monell, 436 U.S at 690–95. Here, Plaintiff has not specifically identified any official policy or well-settled custom or practice attributable to Berrien County which was the moving force behind Defendant Heath's allegedly unconstitutional acts. Further, any policies, customs, or practices of the Berrien County Sheriff's Department are not attributable to Berrien County. Grech v. Clayton County, Ga., 335 F.3d 1326, 1347–48 (11th Cir. 2003). Because Plaintiff fails to adequately allege facts in support of a § 1983 claim against Defendant Berrien County, the County is entitled to dismissal of Plaintiff's claim against it.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (Doc. 13) is **DENIED** and Defendant Berrien County's Motion to Dismiss (Doc. 6) is **GRANTED**. Defendant Berrien County is dismissed as a party to this lawsuit.

The stay on discovery in this case is lifted. An updated Rules 16 and 26 Order will be issued, and the remaining parties are to confer and submit a

Proposed Scheduling and Discovery Form within 30 days of the issuance of the Rules 16 and 26 Order.

**SO ORDERED**, this the 20th day of June, 2017.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les